**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1091**

XINYOU LIN,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 10, 2024                    Decided:  October 15, 2024

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Jason Jia, JIA LAW GROUP, P.C., New York, New York, for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, Edward E. Wiggers, Senior Litigation Counsel, Duncan T. Fulton, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xinyou Lin (Lin), a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals denying Lin's motion to reopen his removal proceedings based on *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), and further declining to sua sponte reopen. Specifically, the Board ruled that (a) the underlying motion to reopen was not timely, as it was filed more than nine years after Lin's case was last before the Board, and none of the exceptions to the one-year time limit for reopening applied; (b) even if equitable tolling based on *Niz-Chavez* was viable, the Board would still deny reopening because Lin did not demonstrate eligibility for cancellation of removal in that, through counsel, Lin conceded that he did not have a qualifying U.S.-citizen relative, *see* 8 U.S.C. § 1229b(b)(1)(D) (setting forth the statutory "exceptional and extremely unusual hardship" requirement for cancellation of removal of nonpermanent resident); and (c) sua sponte reopening was not warranted given that Lin did not demonstrate the requisite exceptional circumstances, *see In re G-D-*, 22 I. & N. Dec. 1132, 1133-34 (B.I.A. 1999) (explaining that the Board's authority to sua sponte reopen removal proceedings is "an extraordinary remedy reserved for truly exceptional situations").

In this court, Lin mentions—but does not contest—the Board's pivotal finding that he did not identify a qualifying U.S.-citizen relative so as to support reopening to pursue cancellation of removal. Accordingly, we hold that Lin has forfeited appellate review of this aspect of the Board's order, which is dispositive. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs). Accordingly,

2

we deny the petition in part.  As to Lin's challenge to the Board's denial of his request for sua sponte reopening, we dismiss the petition in part because this court lacks jurisdiction to review that aspect of the Board's order.  *See Lawrence v. Lynch*, 826 F.3d 198, 206-07 (4th Cir. 2016) (affirming that this court "lack[s] jurisdiction to review how the Board exercises its sua sponte discretion"); *Mosere v. Mukasey*, 552 F.3d 397, 400-01 (4th Cir. 2009) (concluding that this court lacks jurisdiction to review the Board's decision declining to exercise its discretionary power to sua sponte reopen).

Accordingly, we deny the petition for review in part and dismiss in part.  We deny as moot the Attorney General's motion for summary disposition.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*